# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|                                                    |     |                        |
|----------------------------------------------------|-----|------------------------|
| **TRACEY A. FLERLAGE,**                            | )   |                        |
|                                                    | )   |                        |
| **Plaintiff,**                                     | )   |                        |
|                                                    | )   |                        |
| **vs.**                                            | )   | **Case No. 4:10CV2349 HEA** |
|                                                    | )   |                        |
| **CAROLYN W. COLVIN,[1]**                          | )   |                        |
| **Acting Commissioner of Social Security,**        | )   |                        |
|                                                    | )   |                        |
| **Defendant.**                                     | )   |                        |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying the application of Plaintiff for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq.  For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's application.

## Facts and  Background

Plaintiff was 32 years old at the time of the application.  She is a high school graduate.  In her application for disability benefits, Plaintiff claimed that

---

[1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

she had post traumatic stress disorder, (PTSD), depression and anxiety.

At the August 18, 2009 hearing, Plaintiff testified that during the day, she gets her two children off to school and tries to clean the house.  She does not like to leave the house unless she is with someone. Plaintiff testified that she had last worked November 7, 2007.  Plaintiff further testified that she could not work because she still had panic attacks, crying spells and anxiety attacks; she had a hard time concentration on her job and that she slept a lot.  Plaintiff's medical records reflect a history of PTSD, depression and anxiety.  At the time of the hearing, Plaintiff was taking omeprazole, Depakote, aripiprazole, trazodone, venlafaxine, estradiol, cyclobezaprine, and ibuprofen, when needed.   In response to the ALJ's question regarding whether her medication helped, Plaintiff stated that her medications help her, although she does experience nausea from the medications.

With respect to her anxiety and panic attacks, Plaintiff testified that she experiences anxiety attacks about five to seven times a week.  She has pounding of the chest with the anxiety attacks; with panic attacks, the episode lasts about forty five minutes and she gets "sweats" and has to stop what she is doing until she calms herself down.  The inpatient program Plaintiff participated in helped with her coping skills with respect to her PTSD.

- 2 -

The ALJ also heard testimony from a vocational expert, Jeffrey McGrowsky.  Dr. McGrowsky testified that he had reviewed Plaintiff's records and classified her past work as sedentary and skilled, as an accounting clerk.  As a cashier/crew member for fast food, he classified her work as light and unskilled. As a chiropractor assistant, Plaintiff's work was classified as light and semiskilled. In the national economy, Plaintiff's work as a claims processor would be sedentary, and it was semiskilled.  Plaintiff was a part-time recall clerk, a job that is light and semiskilled.  Plaintiff's customer service in the tax field was sedentary, and semiskilled.  As a pizza delivery person and as a file clerk, the classification was light and semiskilled.  Plaintiff's work involving student loans was sedentary and semiskilled.  As a manager at a fast food restaurant, Plaintiff's work was light and skilled.  As a receptionist, Plaintiff's work was sedentary and semiskilled; her work as a skate attendant was light and semiskilled.  As a supply clerk, Plaintiff's work was medium, semiskilled.  Plaintiff's work as a teller could have been sedentary, but typically, the classification is light and semiskilled.  Dr. McGrowsky answered the hypothetical questions posed, and Dr. McGrowsky opined that there were jobs in the national and regional economy that persons with Plaintiff's limitations could perform.

Plaintiff's application for disability insurance benefits under Title II of the

Social Security Act, 42 U.S.C. §§ 401, *et seq*., was denied on April 3, 2008. Since Missouri is one of several test states participating in modifications to the disability procedures, see 20 C.F.R. § 404.906, 404.966, Plaintiff's appeal in this case proceeded directly from the initial denial to the hearing level. Plaintiff filed a Request for Hearing by Administrative Law Judge.  Plaintiff appeared and testified before ALJ Michael Mance on August 18, 2009.  On September 1, 2009, the ALJ issued an unfavorable decision.  On November 3, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the

immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step.  *Id.*.  At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled.  *Moore*, 572 F.3d at 523.  At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy.  *Id.*; *Brock v. Astrue*, 674

F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since April 1, 2007, the alleged onset date.  At Step Two, the ALJ found that Plaintiff had the following severe impairments: post traumatic stress disorder (PTSD), depression and anxiety.  At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments in the listings.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but with nonexertional limitations: due to the combined effects of all of Plaintiff's mental impairments, she is limited to jobs that involve simple tasks which require no contact with the general public as part of the job, and no more than occasional contact with co-workers.  At Step Four, the ALJ determined that Plaintiff cannot perform her past relevant work.  At Step Five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. The ALJ concluded that Plaintiff had not been under a disability as defined in the Act.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)).  In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision.  *Id.*  However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'"  *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the AL's findings, the court must affirm the AL''s decision.'"  *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th

Cir.2005)).  The Court should disturb the administrative decision only if it falls

outside the available "zone of choice" of conclusions that a reasonable fact finder

could have reached.  *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following

arguments: (1) The decision of the ALJ is not supported by substantial evidence as

his findings of residual functional capacity are not based upon "some" medical

evidence as required under the standards contained in *Singh* and *Lauer* and

impermissibly discards the opinion of the treating specialist in this matter. (2) The

hypothetical question to the vocational expert did not capture the concrete

consequences of Plaintiff's impairment and, therefore, the response from the

vocational expert cannot be said to be substantial evidence upon which the

decision may rest.

Plaintiff argues that the ALJ improperly disregarded Dr. Housman's opinion

that Plaintiff was completely incapable of work.  Plaintiff assert that Dr.

Housman's notes and medical source statement establish Plaintiff is incapable of

work and could not sustain work related activity, listing the various restrictions

she would place on Plaintiff. Plaintiff argues that Dr. Housman's restrictions are

consistent with the medical evidence of record.  However, the ALJ discredited Dr.

Housman's conclusion because of Plaintiff's other doctor's notes and GAF scores.
Indeed, Dr. Housman even noted only mild symptoms in Plaintiff's treatment
records, but assessed Plaintiff as being unable to perform any work in the January
21, 2009 report.  Dr. Housman's conclusions are not supported by actual medical
findings, rather, Dr. Housman merely states that Plaintiff cannot perform. See
*Halverson v. Astrue*, 600F.3d 922, 930 (8th Cir. 2010).

Significantly, the ALJ noted that Plaintiff's VA evaluation in April, 2008
revealed that Plaintiff's "performance on the Mental Status examination is
remarkable for its inconsistency with her presentation."  Plaintiff's presentation
was "worse than what one would expect from a very demented individual.  Such
an individual would be unable to meet their [sic] basic needs, drive, or live
without 24-hour care."

The ALJ observed that Plaintiff was treated for PTSD with success while
she was in the military, and denied symptoms in May, 1997.  Plaintiff did not seek
treatment for her issues from another doctor, Dr. Mattingly from July, 2001 to
2008.

Throughout Plaintiff's medical records, Plaintiff's memory and
concentration are described as "good," "intact," "adequate," however, Dr.
Housman indicates that Plaintiff had difficulty with concentration and memory; an

- 10 -

inconsistency giving rise to the ALJ's conclusion that Dr. Housman's opinion should be somewhat discredited.

Plaintiff testified that she is the primary care giver for her two children, she does household chores, such as cleaning, preparing meals, ironing, laundry, vacuuming and making beds.  Plaintiff walks the dog and is able to drive within the community.  She is able to keep appointments and visits friends and family.

Based on the record as a whole, there is medical evidence to support the ALJ's discrediting of Dr. Housman's conclusions.

With respect to the vocational expert's determination, Plaintiff argues that the Vocational Expert testimony assumed the Residual Functional Capacity contained in the decision, and that because this RFC was incorrect, the Vocational Expert was unable to capture the concrete consequences of Plaintiff's impairment. The Court has concluded that the ALJ's RFC was based on medical evidence in the record, and therefore a proper RFC.  Since the RFC was proper, Plaintiff's argument, which relies on a finding that the RFC was incorrect, is moot.  Thus, Plaintiff's second point does not provide a basis to reverse the Commissioner.

## Conclusion

For the reasons stated herein, the Court finds that the decision of the Commissioner is supported by substantial evidence on the record as a whole, and

therefore, the decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of

Social Security is **AFFIRMED.**

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 14th day of June, 2013

_____

    **HENRY EDWARD AUTREY**
**UNITED STATES DISTRICT JUDGE**